Mr. Justice STRONG
 

 delivered the opinion of the court.
 

 If it be conceded that such a joint request as is pleaded, followed by an assumption of obligation and a consequent payment of money in pursuance of it, raised an implied promise on the part of those who joined in the .request to reimburse the defendant, it is, perhaps, still not clear that it was a partnership promise, creating a debt of the partnership, and therefore entitled to priority in bankruptcy over private debts of the partners. It is not pleaded' that the firm of B. P. Tesson & Co. requested the defendant to assume the obligation he took, though it is averred that the persons who constituted the firm made that request, and it is not certain that a promise by a partnership and a promise by the individual • partners collectively have, the .same effect. If a firm be composed of two persons, associated for the conduct of a particular branch of business, it can hardly be maintained that the joint contract of the two partners, made in their individual names, respecting a matter that has no connection with the firm business, creates a liability of the firm as such. The partnership is a distinct thing from the partners themselves, and it would seem that' debts óf the firm are different in character from other joint debts of the partners. If it is not so, the rule that sets apart the property of a partnership exclusively, in the first instance, for the payment of its debts may be of little value. That rule presumes that a partnership debt was incurred for the benefit of the partnership, and that its property consists, in whole or in part, of what has been obtained from its creditors. The reason of the rule fails when a debt or liability has not been incurred for the firm as such, even though all the persons- who compose the firm may be parties to the contract.
 

 But the substantial fault of the plea in this case is, that, at best, it sets up an illegal contract, which the law will not-
 
 *487
 
 enforce. The promise, if any, of the firm was to indemnify the defendant for doing an act planned and intended to enable his principal in the administration bond to commit a gross breach of trust. The arrangement was entered into in order that the partnership might obtain the possession of all the effects, goods, chattels, rights, and credits which had belonged to the intestate decedent, and which were assets that the administrator only had the right to hold. It was also a part of it that the administration should be conducted by the firm and not by the person to whom the probate court committed it. To this arrangement the defendant became a party, and he signed the bond in view of it, and in order that it might be carried out. This appears from the plea. It needs no argument to show that the transaction was against the policy of the law and plainly illegal.
 

 Letters of administration are a trust. They are granted by the probate court or ordinary because of confidence rejposed in the grantee. They require him to take exclusive charge of the personal property of his intestate and to bring to its administration his own personal attention and judgment. He has no right to allow others to control it or to share in its administration. If he does, he exposes it to unnecessary hazards and subjects it to the disposition of persons in whom the officer of the law has reposed no confidence. To permit a mercantile or a banking firm, of which the administrator is a partner, to take the assets of the decedent’s estate into its possession and to share in the disposition of them is to invite what the plea shows happened in this case, misappropriation and loss. It is a gross breach of trust, a violation of legal duty. It must be, therefore, that any contract which has for its object such a faithless abandonment of .the duties of an administrator cannot be enforced in a court of law.
 

 It is not to be said that the implied promise of the partners or the firm was only collateral to the illegal arrangement. It was a part of it. The signing of the bond.and the promise to indemnify were both not only in view of a contemplated transfer of the administrator’s duties to the
 
 *488
 
 partnership, but they were means avowedly selected for that end.
 

 It follows that the plea set up no debt to the defendant due from the bankrupt firm which is recoverable at law and which can be made available as a set-off. The demurrer was therefore correctly sustained.
 

 Judgment affirmed.