## Case No. 11,989.

### In re RODDIN et al.

[6 Biss. 377.] [1]

Circuit Court, N. D. Illinois. July, 1875.

BANKRUPTCY—BOND BY PARTNERS—DISTRIBUTION.

A claim on a bond signed individually by the members of a firm, but not for a firm debt or obligation, is not entitled, as against partnership creditors, to be paid in bankruptcy from the partnership assets. It is a joint, but not a partnership debt.

[Cited in Cribb v. Morse, 77 Wis. 327, 46 N. W. 127.]

[Appeal from the district court of the United States for the Northern district of Illinois.]

In bankruptcy. Appeal from the district court by William E. Hale, assignee of Roddin & Hamilton, bankrupts, against Marietta A. Roddin, wife of the senior member of the firm. Mrs. Roddin had obtained a decree in the superior court of Cook county, for alimony in a divorce case against her husband, and Roddin and Hamilton, who were partners, both executed a bond for the due payment of the amount of the decree. Roddin & Hamilton going into bankruptcy, Mrs. Roddin proved up her claim for alimony against the estate, claiming that she was entitled to be paid out of the partnership assets pro rata with the other creditors of the partnership.

Charles Hitchcock, for partnership creditors, cited: In re Bucyrus Mach. Co. [Case No. 2,100]; In re Webb [Id. 17,313]; Ex parte Weston, 12 Metc. (Mass.) 1; Forsyth v. Woods, 11 Wall. [78 U. S.] 484.

George L. Paddock, for Mrs. Roddin, cited: In re Melick [Case No. 9,399]; Mead v. National Bank of Fayetteville [Id. 9,366]; Col. Partn. 616; In re Kahley [Case No. 7,594], Hapgood v. Cornwell, 48 Ill. 64.

DRUMMOND, Circuit Judge. The claim of Mrs. Roddin against Roddin & Hamilton is not entitled to be paid out of the partnership assets equally with the claims of creditors of the firm, but the creditors of the copartnership have the right to be paid out of the partnership assets in preference. Though the claim of Mrs. Roddin is a joint debt, yet it is not a firm debt; and though the joint or separate property of the partners could be applied to the payment of her claim, the property of the firm must first go to pay the firm debts. The assignee is directed to act in accordance with this opinion.