HERRERA v. The ACME. See Case No. 27.

### Case No. 6,419.

In re HERRICK.

[7 N. B. R. (1873) 341.] [1]

District Court, S. D. New York.

BANKRUPTCY—APPLICATION TO ANNUL DISCHARGE.

When a certificate of discharge was duly granted to a bankrupt, and within the limited term of two years two creditors, whose debt was provable against the said bankrupt's estate, applied to have his discharge annulled and set aside, on the ground that he had wilfully sworn falsely in his affidavit annexed to his schedules of creditors and liabilities, in that, having knowledge of the residence of said creditors and his liability to them, he did not include in his schedules the names of said creditors, or their claim. *Held*, that the court finding the act as charged proven, and that the same was a particular fact concerning the debts, and that the creditors had no knowledge of the commission of said act until after the granting of the discharge, judgment must be given in favor of the creditors; and the discharge is therefore set aside and annulled.

In bankruptcy.

[1] [Reprinted by permission.]

BLATCHFORD, District Judge. This court having, on the twenty-sixth day of May, eighteen hundred and sixty-nine, granted to Charles K. Herrick a discharge from all his debts, except as provided in the act of congress hereinafter named, and having given to said Herrick a certificate thereof, under the seal of this court; and Patrick J. Cranitch and Jeremiah A. Cranitch, who were and are creditors of said Herrick, and whose debt was provable against the estate of said Herrick in bankruptcy, having on the twenty-seventh day of February, eighteen hundred and seventy-one, applied in writing to this court to set aside and annul said discharge, and such application having specified that the said creditors intended to give evidence in particular against the said Herrick of the following act mentioned in section twenty-nine of said act [of 1867 (14 Stat. 531)], and having set forth such act, as the ground of avoiding said discharge, namely, that the said Herrick wilfully swore falsely in his affidavit annexed to his schedules of creditors and liabilities, in this, that the said Herrick, well knowing the residence and place of business of the said creditors and his indebtedness to them, did not include in his said schedules the said creditors or their said claim; and this court having caused reasonable notice of said application to be given to said Herrick, and having ordered him to appear and answer the same within a time fixed by this court, and the said Herrick having appeared and answered in writing the said application, and proofs having been taken on the issues raised by said application and said answer, and the parties having been heard, the said creditors by Miron Winslow as their attorney, and the said Herrick by John Henry Hull, as his attorney, the court doth find that the act so set forth in said application by said creditors, against said bankrupt, is proved, and that the said Herrick wilfully swore falsely in his said affidavit in the particular so set forth, and that the said particular was a material fact concerning his debts, and concerning the said debt so due to the said creditors, and that the said creditors had no knowledge of said act until after the granting of said discharge; and judgment is hereby given in favor of said creditors, and the said discharge of the said Herrick is hereby set aside and annulled.