---

NIMROD, The (WOOD v.). See Case No. 17,959.

---

## Case No. 10,268.

### In re NIMS et al.

[10 Ben. 53; 18 N. B. R. 91; 26 Pittsb. Leg. J. 11.] [1]

District Court, N. D. New York. July, 1878. [2]

BANKRUPTCY — DISTRIBUTION OF ASSETS — JOINT CREDITORS AND PARTNERSHIP CREDITORS.

N. and L. were partners under the name of N. & Co., and as such contracted debts and failed without assets. Thereafter they began business again as partners under the name of "N., Agent." They contracted debts and failed, leaving assets, which came into the hands of an assignee in bankruptcy, but were insufficient to pay the debts contracted under the name of "N., Agent:" Held, that the creditors of N. & Co. were entitled to share in the assets equally with the creditors of "N., Agent."

[Cited in Re Vetterlein, 44 Fed. 62.]

[In the matter of Ozias L. Nims and David Long, bankrupts.]

Sherman S. Rogers, for creditors.
William H. Greene, for assignee.

WALLACE, District Judge. The bankrupts were formerly partners under the firm name of "O. L. Nims & Co.," and as such contracted debts and failed without assets. Shortly thereafter, they commenced business again as partners, under the firm name of

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission. 26 Pittsb. Leg. J. 11, contains only a partial report.]
[2] [Reversed in Case No. 10,269.]

"O. L. Nims, Agent," and as such, contracted debts and failed, leaving assets which are now in the hands of their assignee in bankruptcy for distribution. The assignee insists that the creditors of O. L. Nims & Co. are not entitled to share with the creditors of O. L. Nims, Agent, in the assets of the latter firm, such assets being insufficient to pay the creditors of O. L. Nims, Agent, in full.

I am of opinion that the creditors of each firm are to share ratably in all the joint assets of the bankrupts, and that neither section 5121 of the Revised Statutes, nor the rule of equitable distribution, which that section is intended to adopt, precludes the creditors of the bankrupts jointly from resorting to any joint assets of the bankrupts which may exist. The language of section 5121 does not in terms prescribe the rule of distribution when debts are proved against the bankrupts jointly which are not partnership debts; but it deals only with the mode of distribution as between partnership creditors and creditors of the partners separately; and where the rights of these classes of creditors are involved, applies the equitable rule that the joint property shall be first applied to pay the joint debts and the separate property the separate debts of the partners respectively.

The creditors of O. L. Nims & Co. are no more creditors of the bankrupts separately than are the creditors of O. L. Nims, Agent. Both classes are joint creditors. The creditors of O. L. Nims, Agent, can resort to the separate property of the bankrupts, as fully as the creditors of O. L. Nims & Co. can; why should not the latter be permitted to resort equally with the former to any joint assets?

The case may be considered as though the bankrupts had been carrying on business together, in two distinct firms, at the same time, in which they were the only partners. If that were the case, could it be maintained that the property of each firm should be kept distinct and appropriated first to the payment of the debts of that firm, or would the assets of both constitute a common fund for the payment of all the joint debts? Neither the language of the bankrupt act nor any principle of equity, or any rule of administration in bankruptcy of which I am aware, requires the assets of each concern to be marshalled so that the debts of each shall be paid from the assets of each, respectively.

The principles of distribution in equity have their origin in the rights of the creditors at law. At law, the creditors of the firm may resort in the first instance to the separate as well as to the joint property of the parties, while the separate creditors of a partner cannot resort effectually to the joint property, because upon an execution they can reach only the interest of the partner and are thus obliged to invoke the aid of a court of equity, to ascertain it through an accounting, in which case the creditors of the firm must first be satisfied, and thus obtain a priority

as to the joint assets. But suppose an execution to be levied in favor of a creditor against all the members of the firm, upon a joint debt, but not on a partnership debt; here the sale would carry the title of all the partners, and the creditors would not be under the necessity of having an accounting, or invoking the assistance of a court of equity. There would thus appear to be a solid distinction between the rights of a creditor of all the partners, and those of one or more partners, in the joint property, as respects the partnership creditors; and the case would not arise for the application of the equitable rule which postpones the separate creditor to the partnership creditor in the joint assets.

Courts of bankruptcy marshal assets on equitable rules, and these rules give to creditors all their legal rights when the enforcement of these rights does not conflict with any equitable principles. The rights at law of creditors of the partners jointly are equal to those of the creditors of the partnership, and no equitable rule is violated if both classes are placed upon an equal footing. Chief Justice Marshall, in speaking of the English rules for marshalling the joint and separate estates in bankruptcy, says: "The rules which we find laid down by the chancellor 'for marshalling the respective funds, are to be considered merely equitable restraints on the legal rights of parties, obliging them to exercise those rights in such manner as not to do injustice to others." Tucker v. Oxley, 5 Cranch [9 U. S.] 35. If the rules of distribution originated in the presumption that a partnership debt was incurred for the benefit of the partnership, and that the property consists in whole or in part of what has been obtained from creditors, and is therefore considered as a primary fund for the payment of such debts. there would be strong reason in favor of the position now taken by the assignee; but after a very careful reading of the books, I am unable to find any case in this country or in England which advances this view, except the dictum in Forsyth v. Woods, 11 Wall. [78 U. S.] 486. That this is not the foundation of the rule which gives partnership creditors priority over separate creditors as to joint property, seems to be indicated by the cases which postpone the partnership creditors when there has been a conversion of joint into separate property. It is well-settled that partners may, during the continuance of the partnership, by agreement, convert joint into separate estate, or vice versa. This conversion determines the character of the property, for the purposes of its distribution in bankruptcy. Collyer, Partn. § 881, etc. Accordingly, when one partner without fraud sells out to the other, the property becomes separate property, and the creditors of the firm are postponed to the separate creditors of the purchasing partner. If the rule of distribution is founded on the theory that the fund which is derived from the creditors is primarily the fund for their payment, and the law, therefore, appropriates it to them, it could not be permitted that the debtors themselves, by agreement, should defeat this result.

I have not overlooked the English bankruptcy cases, which permit proof between estates where several partners are in bankruptcy, some of whom formed a distinct firm, carrying on a distinct trade from that of the general partnership, and the articles of one trade were furnished by one firm to the other (Story, Partn. § 394), by which an appropriation of the assets of each firm to its debts is worked out. In these cases the debts were not the debts of all the partners jointly, nor were the assets those of all the partners; and the result reached was precisely that which would be obtained by applying the joint assets to the joint debts of the several individuals.

My conclusion, therefore, is, that the joint creditors of the partners are entitled to share equally with the partnership creditors, in the partnership assets; in other words, that joint creditors share equally in joint assets, whether their debts are partnership debts or not.

[Subsequently the assignee presented a petition to the circuit court, praying that the order of this court be reviewed. The petition was granted, and the order of the district court reversed. Case No. 10,269.]