---

## Case No. 10,269.

In re NIMS et al.

[16 Blatchf. 439.] [1]

Circuit Court, N. D. New York. June 27, 1879.[2]

### BANKRUPTCY—DISTRIBUTION OF ASSETS.

N. and L. were copartners under the name of N. & Co. They dissolved, owing debts and having no assets. Subsequently, they formed a new partnership, under the name of N., Agent, and failed, and were adjudged bankrupts, having firm assets. A creditor of N. & Co. claimed to prove against the firm of N., Agent, a debt due by the firm of N. & Co.: *Held*, that he was not entitled to share in the assets of the firm of N., Agent, being excluded therefrom by the provisions of section 5121 of the Revised Statutes of the United States.

[Cited in Re Vetterlein, 44 Fed. 62.]

[In review of the action of the district court of the United States for the Northern district of New York.]

In bankruptcy.

William H. Greene, for assignee in bankruptcy.

Sherman S. Rogers, opposed.

BLATCHFORD, Circuit Judge. On the 23d of August, 1875, Henry T. Buell made proof in bankruptcy against the two bankrupts, setting forth that they were, before the filing of the petition in bankruptcy, in-

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]
[2] [Reversing Case No. 10,268.]

debted to him in the sum of $26,962.07, and interest thereon from July 1st, 1871, "upon a certain promissory note made by them, the said bankrupts, by the description of O. L. Nims & Co., dated June 29th, 1871, for that amount and interest as aforesaid, and payable to the order of Buell and Whitney, on demand, after date, at the office of H. T. Buell & Co., in the city of New York." The proof set forth that said note "was given in consideration of moneys advanced by the said Buell and Whitney to the said firm of O. L. Nims & Co., and of commissions earned and services performed by said Buell and Whitney for said firm." In October, 1875, the assignee in bankruptcy applied to the register in charge for an order expunging said proof of debt. The following statement of facts was agreed upon by the assignee and Buell: "The assignee having applied, in this proceeding, for a re-examination of the claim preferred by Henry T. Buell, the following are the facts conceded in regard thereto, with the proof of debt: First. Prior to May 13th, 1871, Ozias L. Nims and David Long were copartners under the firm name of O. L. Nims & Co. They then dissolved, Nims doing no business and Long going into partnership with L. M. Evans, under the name of Evans & Long. When O. L. Nims & Co. dissolved they owed debts and had no assets. Second. August 12th, 1871, Nims and Long formed a new partnership, (neither contributing any money or assets,) under the name of O. L. Nims, Agent. Third. O. L. Nims, Agent, failed, were adjudicated bankrupts in these proceedings and made assets. The funds in the assignee's hands subject to dividend were realized from the assets of the last firm. No other objection is made to the proof of debt of said Henry T. Buell, except such as may be deduced from the foregoing facts. The issue is: Is Buell entitled to share in a dividend equally with the creditors of O. L. Nims, Agent, or shall the whole fund be distributed to the creditors of the firm of O. L. Nims, Agent, to the exclusion of the creditors of the firm of O. L. Nims & Co.?" The register made an order disallowing the claim and expunging it from the list of claims on the assignee's record in the case. Thereupon Buell presented a petition to the district court, praying that said order of the register be vacated, and that said proof of debt be restored and declared entitled to share in the dividends of the assets mentioned in said statement of facts. On a hearing, the district court, on the 18th of June, 1878, made an order, that the said determination and order of said register be overruled, vacated and set aside, and that said claim be established as a valid claim against the assets in the hands of said assignee, and entitled to dividend accordingly, and that said assignee pay the costs and expenses of the re-examination of said claim, to be taxed by said register. The assignee now presents a petition to this court, reciting

the foregoing proceedings, setting forth that said order of the district court is erroneous, in that it appears that said Buell "was not a creditor of the firm of O. L. Nims, Agent, composed of said bankrupts, and against whom the proceedings in bankruptcy were commenced and the said adjudication had, and to whose specific creditors said assets belong," and praying that said order of the district court be reviewed by this court.

The district court held that the creditors of the firm of O. L. Nims & Co. and the creditors of the firm of O. L. Nims, Agent, are entitled to share ratably in all the joint assets of the bankrupts, and that neither section 5121 of the Revised Statutes, nor the rule of equitable distribution which that section is intended to adopt, precludes the creditors of the bankrupt jointly from resorting to any joint assets of the bankrupts which may exist. [Case No. 10,268.]

The provisions of section 5121 of the Revised Statutes are as follows: "Where two or more persons who are partners in trade are adjudged bankrupt, either on the petition of such partners or of any one of them, or on the petition of any creditor of the partners, a warrant shall issue, in the manner provided by this title, upon which all the joint stock and property of the copartnership, and also all the separate estate of each of the partners, shall be taken, excepting such parts thereof as are hereinbefore excepted. All the creditors of the company and the separate creditors of each partner may prove their respective debts. The assignee shall be chosen by the creditors of the company. He shall keep separate accounts of the joint stock or property of the copartnership and of the separate estate of each member thereof; and, after deducting out of the whole amount received by the assignee the whole of the expenses and disbursements, the net proceeds of the joint stock shall be appropriated to pay the creditors of the copartnership, and the net proceeds of the separate estate of each partner shall be appropriated to pay his separate creditors. If there is any balance of the separate estate of any partner, after the payment of his separate debts, such balance shall be added to the joint stock, for the payment of the joint creditors; and, if there is any balance of the joint stock, after payment of the joint debts, such balance shall be appropriated to and divided among the separate estates of the several partners according to their respective right and interest therein, and as it would have been if the partnership had been dissolved without any bankruptcy; and the sum so appropriated to the separate estate of each partner shall be applied to the payment of his separate debts. The certificate of discharge shall be granted or refused to each partner as the same would or ought to be if the proceedings had been against him alone. In all other respects the proceedings against partners shall be conducted in like manner

as if they had been commenced and prosecuted against one person alone. If such copartners reside in different districts, that court in which the petition is first filed shall retain exclusive jurisdiction over the case." The rule of distribution prescribed by this section is very distinct. It is arbitrary, like many other provisions of the bankruptcy statute, but it must be followed, and cannot be made to yield to any supposed equities in favor of any other rule of distribution. Nims and Long, partners in trade, have been adjudged bankrupt. When the bankruptcy proceedings were instituted, they were partners in trade under the name of O. L. Nims, Agent, and not under the name of O. L. Nims & Co. They had partnership assets as O. L. Nims, Agent, and no partnership assets as O. L. Nims & Co. Their joint stock and property, taken under the warrant, was their joint stock and property as O. L. Nims, Agent, that is, the joint stock and property of the copartnership of O. L. Nims, Agent. No other joint stock or property could be taken, under the warrant as joint stock or property. If there was any joint property, not the property of the copartnership of O. L. Nims, Agent, the separate interest of each of the joint owners in such property could be taken as his separate estate, under the warrant, but such joint property could not· be taken as the joint property of the· copartnership of O. L. Nims, Agent. The creditors of the copartnership of O. L. Nims, Agent, and the separate creditors of each of the partners, are alone declared to be authorized to prove debts. Creditors of the two bankrupts jointly, as to matters not arising out of the copartnership of O. L. Nims, Agent, are not creditors of that copartnership. As all partnership debts are, in equity, deemed joint and several, the creditors of the copartnership of O. L. Nims & Co. are separate creditors of each of the partners. The section directs that the assignee be chosen by the creditors of the copartnership, that is, creditors of O. L. Nims, Agent, by that copartnership name. The assignee is directed to keep an account of the joint stock or property of the copartnership of O. L. Nims, Agent, and not an account of property owned by the two partners jointly, which is not the property of such copartnership by that name. He is also directed to keep an account of the separate estate of each of the two partners; and the interest of each of them in joint property which is not the property of the copartnership of O. L. Nims, Agent, by that name, is separate estate. The statute further directs that the proceeds of the joint stock or property of the copartnership of O. L. Nims, Agent, shall be appropriated to pay the creditors of that copartnership. All the assets in this case are the proceeds of the joint property of such copartnership. They cannot go to pay the creditors of the copartnership of O. L. Nims & Co. The creditors of the copartnership of O. L.

Nims & Co. are not creditors of the copartnership of O. L. Nims, Agent. It is only when there shall be a balance of the joint stock of the copartnership of O. L. Nims, Agent, after paying the joint debts of such copartnership, that such balance can be divided among the separate estates of the two bankrupts, so as to be applied to pay their separate debts as members of the copartnership of O. L. Nims & Co.

It is suggested, that the language of section 5121 does not in terms prescribe the rule of distribution when debts are proved against the bankrupts jointly, which are not partnership debts, but that that section deals only with the mode of distribution as between partnership creditors and creditors of the partners separately, and, where the rights of those classes of creditors are involved, applies the equitable rule, that the joint property shall be first applied to pay the joint debts, and the separate property to pay the separate debts of the partners respectively; that the creditors of O. L. Nims & Co. are no more creditors of the bankrupts separately than are the creditors of O. L. Nims, Agent; that both classes are joint creditors; and that, as the creditors of O. L. Nims, Agent, can resort to the separate property of the bankrupts as fully as the creditors of O. L. Nims & Co. can, the latter ought to be permitted to resort, equally with the former, to any joint assets. The answer to this suggestion is, that debts against the bankrupts jointly, as members of the firm of O. L. Nims & Co., are debts against each partner separately, and that, if there be debts against them jointly which are not debts against them severally, and are not debts of the copartnership of O. L. Nims, Agent, such latter debts are outside of the provisions of section 5121. This does not authorize the court to treat as debts of the copartnership of O. L. Nims, Agent, debts which are not debts of the copartnership of O. L. Nims, Agent.

In Forsyth v. Woods, 11 Wall. [78 U. S.] 484, the supreme court had under consideration section 36 of the bankruptcy act of March 2, 1867 (14 Stat. 534), the provisions of which are those found in section 5121 of the Revised Statutes. In referring to those provisions, the court, through Mr. Justice Strong, says: "It is not certain that a promise by a partnership and a promise by the individual partners collectively have the same effect. If a firm be composed of two persons associated for the conduct of a particular branch of business, it can hardly be maintained that the joint contract of the two partners, made in their individual names, respecting a matter that has no connection with the firm business, creates a liability of the firm, as such. The partnership is a distinct thing from the partners themselves, and it would seem that debts of the firm are different in character from other joint debts of the partners. If it is not so,

the rule that sets apart the property of a partnership exclusively, in the first instance, for the payment of its debts, may be of little value. That rule presumes that a partnership debt was incurred for the benefit of the partnership, and that its property consists, in whole or in part, of what has been obtained from its creditors. The reason of the rule fails when a debt or liability has not been incurred for the firm as such, even though all the persons who compose the firm may be parties to the contract." The rule thus referred to by the court is the arbitrary rule of the bankruptcy statute of the United States. The district judge, in his decision in the district court, says, that, after a very careful reading of the books, he is unable to find any case in this country or in England, except the case of Forsyth v. Woods [supra], which advances the view thus advanced in that case. He adds: "That this is not the foundation of the rule which gives partnership creditors priority over separate creditors as to the joint property, seems to be indicated by the cases which postpone the partnership creditors when there has been a conversion of joint into separate property. It is well settled, that partners may, during the continuance of the partnership, by agreement, convert joint into separate estate, or vice versa. This conversion determines the character of the property for the purposes of its distribution in bankruptcy. Accordingly, when one partner, without fraud, sells out to the other, the property becomes separate property, and the creditors of the firm are postponed to the separate creditors of the purchasing partner. If the rule of distribution is founded on the theory that the fund which is derived from the creditors is primarily the fund for their payment, and the law therefore appropriates it to them, it could not be permitted that the debtors themselves, by agreement, should defeat this result." The remarks of Mr. Justice Strong, in Forsyth v. Woods, are not understood to go any further than to say, that, under the bankruptcy statute, if there are partnership debts and partnership assets, it will be presumed that such assets were obtained from the partnership creditors, so that, if such assets remain to be administered in bankruptcy, they shall be applied first to pay debts of the partnership. This rule of distribution is a statutory one, and applies only to partnership assets which remain such to be administered in bankruptcy. There was never any statute in England, in terms like our statute, during the time the English decisions referred to were made. Those decisions proceeded on a general equitable idea, that creditors of joint debtors who were in fact partners should be allowed to share in the assets of the partnership, although not creditors of the partnership, or in respect to any matter growing out of or connected with the partnership. Hence, the decisions in England, of which

the case of Hoare v. Oriental Bank Corp., 2 App. Cas. 589, is a recent instance, holding that a joint debt, not shown to have been incurred as a partnership transaction, and as arising out of partnership business, could be proved against the partnership estate, where the partners were the joint debtors. In this last case, it was suggested as a ground for allowing the proof, that the creditor could, before the insolvency, have sued the debtors composing the partnership, jointly, upon the obligation held by him, and, upon recovering judgment, have taken out execution against the partnership assets. But there was no such controlling statutory rule as the one of our statute. The provisions of our bankruptcy statute, in the matter in hand, are like those of the Massachusetts insolvency law of 1838, c. 163, § 21. Under that law, it was held, in Ex parte Weston, 12 Metc. 1, that only partnership debts could come against partnership assets. See, also, Somerset Potters Works v. Minot, 10 Cush. 592.

It follows, that the order under review must be reversed and vacated, with costs. • The same decision is made in the Case of Blackmar.