THE CARVER GIN AND MACHINE COMPANY *v.* BANNON & CO.

(*Jackson.*    May 17th, 1887.)

PARTNERSHIP.    *Rights of joint and separate creditors.    Firm assets.*

The general creditors of a firm have no lien upon the partnership assets if the partners themselves have none. The claims of the firm creditors must be worked out through the equities of the partners. And a joint conveyance by partners of their partnership property in trust to secure their individual debts operates to defeat their own lien or equity thereon, and, *a fortiori*, that of the firm creditors; and gives priority of satisfaction out of the assets conveyed to the individual creditors.

Cases cited and approved: Fain *v.* Jones, 3 Head, 309; House *v.* Thompson, 3 Head, 515; Allen *v.* Bank, 6 Lea, 562; Anderson *v.* Norton, 15 Lea, 32; 6 Ves., 119–126; 11 Ves., 3–5; 17 Ves., 526; L. Ca. in Eq., Vol. 2, Part I., 393, 396.

Cited and distinguished: Stove Co. *v.* Johnson, 7 Lea, 282; Lasell *v.* Tucker, 5 Sneed, 33; White *v.* Dougherty, M. & Y., 308; Johnson *v.* King, 6 Hum., 233; Barcroft *v.* Snodgrass, 1 Cold., 430; Pennington *v.* Bell, 4 Sneed, 200; Ins. Co. *v.* Porter, 9 Heis., 296; Richardson *v.* Richardson, 1 Leg. R., 99.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. W. W. McDowell, Ch.

W. M. RANDOLPH for Complainant.

GANTT & PATTERSON, and H. C. WARINER, for Respondent.

CALDWELL, J.    Under the firm name and style of F. J. Bannon & Co., Albert Paine and F. J. Bannon were partners in the ownership and operation of a cotton gin in the city of Memphis.

In the course of the business, for partnership purposes, and in the name of the firm, they contracted certain debts with the Carver Gin and Machine Company, evidenced by several acceptances.

Subsequently Albert Paine, F. J. Bannon, and Margaret Bannon, in their individual names, executed their two joint notes to M. Gavin for $750 each; and on the same day Paine and Bannon conveyed their partnership property in trust to Sullivan to secure the payment of the two notes to Gavin.

Some ten months thereafter the Carver Gin and Machine Company filed this bill to set aside the trust conveyance as a fraud upon the partnership creditors, and to subject the property therein described to the payment of said acceptances.

There is no proof of an intention to defraud the creditors of the firm; and we think the conveyance is not fraudulent in law as against such creditors.

It is true that the effect of the conveyance is to appropriate copartnership assets, in the first instance, to the satisfaction of other than copartnership liabilities; but such appropriation is not unlawful, being made in good faith.

The creditors of the firm have no lien upon the firm property. It is the partner who has the lien

or equity; and the partnership creditors, by appro-
priate proceedings in court, may avail themselves
of that equity *through him*, but not otherwise; and
if by any means that equity is extinguished as to
the partner, its benefit is lost to the partnership
creditors. No equity is left to either of the part-
ners in this case, for each of them has joined in
a conveyance of the firm property, without reser-
vation in behalf of the creditors of the firm.

Speaking upon this subject, Mr. Kent says:

"But creditors have no lien upon the partnership
effects for their debts. Their equity is the equity
of the partners, operating to the payment of the
partnership debts. These are just and obvious prin-
ciples of equity, on which we need not enlarge,
and they have been recognized and settled by a
series of English and American decisions." 3 Kent,
65 (side page).

In *Ex parte Ruffin*, 6 Ves., 119–126, Lord Eldon said:

"It is the case of two partners, who owned sev-
eral joint debts and had joint effects. Under these
circumstances their creditors, who had a demand
upon them in respect of those debts, had clearly
no lien whatsoever upon the partnership effects.
They had power of suing, and by process creat-
ing a demand, that would directly attach upon the
partnership effects. But they had no lien upon or
interest in them in point of law or equity.   *
*    *    In all these ways the equity is not that
of the joint creditors, but that of the partners

with regard to each other, that operates to the payment of the partnership debts."

The same doctrine was recognized and applied in the subsequent cases of *Ex parte Williams*, 11 Ves., 3–5, and *Ex parte Kendall*, 17 Ves., 526. In the latter this language was used: &ast; &ast; &ast; "And in all these cases of distribution of joint effects, it is by force of the equities of the partners among themselves that the creditors are paid —not by force of their own claim upon the assets, for they have none."

Numerous cases are collected in note to the case of *Silk* v. *Prime*, L. C. in Eq., Vol. 2, Part 1, pp. 393, 396, which sustain the proposition that the equities of partnership creditors depend upon the equities of the partners themselves, and consequently may be defeated by the *bona fide* appropriation of firm assets by the partners.

Judge Story says that the partnership creditors have no lien upon the partnership assets, but that they have equities which they may work out through the lien of the partners—that is, that "they have something approaching to a lien, of which, with the assent of the partners entitled to the lien, they may avail themselves in a court of equity against the partnership effects." Story on Part., Sections 360, 326, and 97.

The same author calls the right of the firm creditors "a *quasi* lien upon the partnership effects, as a derivative subordinate right, under and through

the . lien and equity of the partners." Story on Part., Section 361.

This right is defined in similar terms in Ewell's Edition of Lindley on Partnership, star page 655, note 1.

The same rule and doctrine have been applied, without question, more than once in Tennessee. In *Fain* v. *Jones*, 3 Head, 309, this Court, speaking through Judge Wright, said :

"The general creditors of a firm have no lien upon the partnership assets if the partners themselves have none. The claim of the creditors must be worked out through the equities of the partners; and if they have none, neither have the creditors."

In *House* v. *Thompson*, Judge Caruthers, delivering the opinion of the Court, used this language:

"There is no lien or other equity in favor of firm creditors upon the partnership effects. This can only be fixed by judgment, like other creditors. * * * The partners themselves have a right to force the application of the partnership property to the payment of the firm debts; and this right—sometimes called a lien—is paramount to the right of a creditor of any member of the firm to the interest of his individual debtor in the concern. The firm creditors, in this way, have the preference over the individual to have satisfaction out of the joint property. In this way, and for the benefit of partners alone, a preference is given to the joint creditors. So that any lien

or equity the creditor has is worked out through, and is entirely dependent upon, that of the partner." 3 Head, 515.

To same effect is *Allen* v. *Bank,* 6 Lea, 562, 563.

As ordinary creditors of an individual have no lien upon his property, and cannot prevent him from disposing of it as he pleases, if he act in good faith, so the ordinary creditors of a firm have no lien on the property of the firm so as to be able to prevent a *bona fide* alienation of its property to whomsoever it chooses. Lindley on Part. (Ewell's Ed.), star page 655; 3 Kent, star page 66; Story on Part., Section 358; 3 Head, 515.

If the partners have the right to make absolute sale of partnership assets, it follows that they have the right to pledge or mortgage such assets. Especially is this so when the individual members of the firm are jointly bound, and equally bound for the payment of the debts secured, as in the case before us.

This Court has recently held that a mortgage upon partnership real estate, signed by the members of the firm, gave the mortgagee, who was the individual creditor of one member of the firm, a lien upon such real estate prior and superior to any claim of partnership creditors against the same property as partnership assets. *Anderson* v. *Norton,* 15 Lea, 32.

That was a stronger case for the creditors of the firm than this; for here each member of the

firm owes the debt secured, while there only one of them owed it.

The case of *Buck Stove Company* v. *Johnson,* 7 Lea, 282, · is relied upon by counsel to sustain the contention that the trust conveyance here impeached is fraudulent in law. We do not think that case authority for the position. On the contrary, we regard the opinion there delivered by Judge Turney as in accord with the general doctrine announced in the several cases to which we have referred. There one member retired from the firm, the other partners assuming the payment of all firm liabilities. The . retiring member retained " a lien, equal to and like a mortgage," to save him harmless against the firm debts, and as security for the amount the remaining partners were to " pay over " to him. Subsequently the retiring partner conveyed such interest as he had left in the firm to secure his individual debt.

The decision was that this creditor of the retiring partner acquired an interest incumbered with the partnership debts—not because the partnership debts were, in the first instance, a lien upon the partnership assets, but because the partners had stipulated, at the time of dissolution, that the firm assets should be used in payment of firm liabilities.

No more is *Lasell* v. *Tucker,* 5 Sneed, 33, an authority for the position assumed by complainant in this case. There *one member* of the firm assumed to pass the partnership assets by an assign-

ment for the benefit of the firm creditors and the individual creditors of that member. The decision was that the firm creditors must be paid first.

The power of the partners to sell or convey in trust for any *bona fide* purpose they may choose was not, in terms or by implication, denied in *White* v. *Dougherty*, M. & Y., 308; *Johnson* v. *King*, 6 Hum., 233; or *Barcroft* v. *Snodgrass*, 1 Cold., 430. Nor was it decided in any of those cases that firm creditors had any interest in, or right to, the assets of the firm which they could make available otherwise than through the equity of the partners themselves.

The same is true of *Pennington* v. *Bell*, 4 Sneed, 200; *Insurance Company* v. *Porter*, 9 Heis., 296; and *Richardson* v. *Richardson*, 1 Leg. R., 99.

The beneficiary in the deed of trust is entitled to the payment of his debts out of the proceeds of the sale of the property conveyed. After that the surplus, if any, will be paid to complainant, who impounded the property by attachment.

The decree of the Chancellor is affirmed, and the report of the Commission of Referees is confirmed. Costs of this Court will be paid by complainant, and costs below as directed by the Chancellor.