In re NASHVILLE LAUNDRY CO. et al.

(District Court, M. D. Tennessee, Nashville Division. January 29, 1917.)

No. 4473.

1. PRINCIPAL AND SURETY ⊜⥱164—JUDGMENT—EXECUTION—LEVY—EFFECT.

Shannon's Code Tenn. §§ 4756, 4757, providing that, in case judgment is against a principal and surety, the property of the principal shall be first exhausted on execution, is merely directory to the collecting officer, and does not affect the rights of the parties.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 456–465.]

2. BANKRUPTCY ⊜⥱309—PARTNERSHIP OBLIGATIONS—"PERSON PRIMARILY LIABLE"—RIGHTS OF CREDITORS.

Two partners, in payment of property purchased by one of them individually for an object unconnected with the partnership business, executed notes to the seller; the partner making the purchase signing as principal and the other as surety, though the notes contained an absolute undertaking of each partner to pay the same. The partners were residents of Tennessee, and the holder of the notes a resident of Kentucky. The uniform Negotiable Instrument Acts of both states (Ky. St. 1909, § 3720b, subsec. 191; Acts Tenn. 1899, c. 94) define the "person primarily liable" on an instrument as one who by its terms is absolutely required to pay the same. On bankruptcy of the partners, the holder of the notes desired to prove them against the partnership assets. Bankr. Act July 1, 1898, c. 541, § 5f, 30 Stat. 547 (Comp. St. 1913, § 9589), declares that the net proceeds of the partnership property shall first be appropriated to the payment of partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts, while any remaining surplus in either fund shall be applied to the other. *Held* that, as the provision was in accordance with the general equitable rule and earlier laws, the holder of the notes could not prove them against the firm assets, for they were obviously individual obligations of the partners, though as between the partners themselves the one signing as surety might, under Shannon's Code Tenn. §§ 4756, 4757, be entitled to have the property of the principal first exhausted.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 1201–1214.

For other definitions, see Words and Phrases, First and Second Series, Primarily Liable.]

In Bankruptcy. In the matter of the bankruptcy of Leo D. Wege and J. H. McPhail, copartners doing business as the Nashville Laundry Company. Exceptions by Lewis Tillman, trustee, to the claim of Frank Frei against the firm assets, were sustained, and claimant petitions to review the order. Order affirmed.

Lewis Tillman, G. N. Tillman, and W. P. Cooper, all of Nashville, Tenn., for trustee.

Moreau P. Estes, of Nashville, Tenn., for Frank Frei.

SANFORD, District Judge. Wege and McPhail, partners engaged in business at Nashville, Tennessee, under the firm name of the Nashville Laundry Co., were adjudged bankrupts in this proceeding, both as a firm and individually. The petitioner Frei, a resident of Glascow, Kentucky, holding four notes signed by Wege and McPhail individual-

⊜⥱For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ly, after first filing a proof of claim on these notes against the individual assets of Wege and McPhail, thereafter withdrew his claim against the individual estates and filed an amended proof of claim on these notes as against the partnership estate. The trustee excepted to this proof of claim as against the partnership estate. This exception was sustained by the referee, and an order entered by him adjudging, in substance, that these notes were merely the individual debts of Wege and McPhail, and entitled to share in their individual estates, but not having been incurred in the name or for the benefit of the partnership, that Frei was not entitled to share thereon pro rata with creditors of the partnership. Wege has filed a petition to review this order.

These notes were executed at Nashville, Tennessee, as the purchase price of property purchased from Frei by Wege individually. The place of payment is not specified. The consideration for them was entirely foreign to the business of the partnership; and no benefit whatever accrued to it therefrom. The name of the partnership does not appear on the notes. They recite on their face that Wege is the principal and McPhail surety, and are signed by them as principal and surety, respectively. Each, however, contains an absolute undertaking on the part of both Wege and McPhail to pay both principal and interest of the notes, with reasonable attorneys' fees in the event of suit.

The sole theory upon which Frei's claim is based is that these notes are as a joint debt of the partners entitled to share pro rata with partnership creditors in the partnership assets. This theory is thus stated in the petition to review:

"These notes or instruments are joint and a joint judgment could have been obtained against both of the partners of the Nashville Laundry Company, to-wit, J. H. McPhail and Leo D. Wege, and being joint as to both partners, they are entitled to participate in the joint assets of the two partners even though those joint assets consist of the property of the two partners in the Nashville Laundry Company. The bankrupt law did not change the law of partnership, as it was under the common law, and under the common law, a partnership was a nullity in so far as being a separate entity from the partners composing it, and under the common law a joint debt even though it arose for matters outside of the partnership business, was entitled to participate equally with the firm creditors in the division of the firm assets, or other joint assets."

After careful consideration my conclusions are:

[1, 2] 1. Since both Wege and McPhail, signing on the face of the notes as joint makers, absolutely undertook to pay the same, it may well be that, as between themselves and Frei, the description of them in the notes and signatures as principal and surety, respectively, is to be treated as merely descriptio personæ, and the notes regarded, as to Frei, as a joint debt for which both are primarily liable, under the general provision of the Uniform Negotiable Instrument Law, then in force both in Tennessee and Kentucky, defining the person "primarily" liable on an instrument as one "who by the terms of the instrument is absolutely required to pay the same." Acts Tenn. 1899, c. 94, pp. 139, 140; Carroll's Kentucky Statutes (1909) § 3720b, subsec. 191, p. 1515. And see Graham v. Shephard (Tenn.) 189 S. W. 867. And if both Wege and McPhail are primarily liable to Frei upon the notes, it

would appear that McPhail, although as between.himself and Wege merely a surety or accommodation maker, would not be entitled to insist that a judgment rendered against himself and Wege jointly should be first satisfied by exhausting Wege's individual property, under sections 3028 and 3029 of the Tennessee Code (Shan. §§ 4756, 4757); since the provisions of those sections apply by their terms only in favor of a surety "whose liability on the debt or contract is posterior to that of another." Furthermore these provisions are merely directory to the collecting officer. Bryant v. Rudisell, 4 Heisk. (Tenn.) 656, 660.

2. Even, however, if these notes are joint debts of Wege and McPhail upon which both are primarily liable to Frei, so that he would be éntitled to a joint judgment and satisfaction out of the individual estate of each, they are still merely joint individual debts of Wege and McPhail, having no connection with the partnership business, and are not in any sense partnership debts. They are hence, in my opinion, not entitled to participate with partnership debts in the administration of the partnership assets in the bankruptcy proceedings.

From 1841 down to the present time, the several Bankruptcy Acts have so far recognized the doctrine of the separate entity of a firm as distinguished from its individual partners, as to specifically enforce in bankruptcy the equitable rule of distribution, generally recognized aliunde in the Federal courts, that the net proceeds of the partnership property are to be first appropriated to the payment of partnership debts; the individual estates of the partners, to the payment of their individual debts; and any surplus in either fund, to be applied to the other. Act Aug. 19, 1841, c. 9, § 14, 5 Stat. 448; In re Warren, 2 Ware, 322, 29 Fed. Cas. 266, 269; Act March 2, 1867, c. 176, § 36, 14 Stat. 534 (R. S. 5121); In re Nims, 16 Blatchf. 439, 18 Fed. Cas. 255, 257. Act July 1, 1898, § 5; Francis v. McNeal, 228 U. S. 695, 700, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706; In re Telfer (6th Circ.) 184 Fed. 224, 231, 106 C. C. A. 366; and Re Weisenberg (D. C.) 131 Fed. 517, 518.

Section 5f of the present Act of 1898 specifically provides that the "net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts," and that any remaining surplus in either fund shall then be applied to the other. In Francis v. McNeal, 228 U. S. at page 700, 33 Sup. Ct. 702, 57 L. Ed. 1029, L. R. A. 1915E, 706, the court, after considering various provisions of the Act in reference to partnerships, said that undoubtedly—

"these clauses taken together recognize the firm as an entity for certain purposes, the most important of which, after all, is the old rule as to the prior claim of partnership debts on partnership assets and that of individual debts upon the individual estate."

In construing these several Bankruptcy Acts giving partnership debts priority of payment out of partnership assets, it has been held by the Federal courts, from the beginning, that joint debts of the individual partners of a firm, not created in furtherance of the business of the firm or in its behalf or for a consideration passing to it, are

merely the joint individual debts of the partners entitled to share in their individual assets, and are not partnership debts entitled to share as such in the distribution of the partnership property in bankruptcy proceedings. This was held, under the Act of 1841, in Re Warren, 29 Fed. Cas. at page 269; under the Act of 1867, in Re Roddin, 6 Biss. 377, 20 Fed. Cas. 1084 (principal and surety), Re Herrick, 7 N. B. R. 341, 12 Fed. Cas. 41, and Re Nims (C. C.) 18 Fed. Cas. at page 257 (Blatchford, Circ. Judge), 255; and under the act of 1898, in Re Weisenberg (D. C.) 131 Fed. at page 520. No case appears to the contrary other than Re Nims (D. C.) 10 Ben. 53, 18 Fed. Cas. 254, which was reversed by the Circuit Court in Re Nims, 18 Fed. Cas. Supra.

To the same effect is Forsyth v. Woods, 11 Wall. 484, 486, 20 L. Ed. 207. This was a suit brought by Woods, as assignee in bankruptcy of a firm, under the Act of 1867, to recover on an account due from Forsyth to the firm. Forsyth pleaded, by way of counterclaim, that at the joint request of the individuals who composed the bankrupt firm he had signed as surety the bond of one of the partners as administrator of an estate, upon their joint representation that they intended to make the administration of this estate a matter of partnership, and that he would, in effect, become the surety of the firm and not merely the surety of the partner to whom the letters of administration were granted; and that in consequence of the default of the administrator he had been compelled to pay as surety a large sum of money, thereby creating in his favor, a claim against the partnership estate. The court, in determining whether the agreement of the individual partners, regarded as their joint individual agreement merely, not incurred for the firm as such or in connection with its business, created a debt against the firm itself, said, in language directly applicable to the present case:

"If * * * such a joint request as is pleaded * * * raised an implied promise on the part of those who joined in the request to reimburse the defendant, it is, perhaps, still not clear that it was a partnership promise, creating a debt of the partnership, and therefore entitled to priority in bankruptcy over private debts of the partners. * * * If a firm be composed of two persons, associated for the conduct of a particular branch of business, it can hardly be maintained that the joint contract of the two partners, made in their individual names, respecting a matter that has no connection with the firm business, creates a liability of the firm as such. The partnership is a distinct thing from the partners themselves, and it would seem that debts of the firm are different in character from other joint debts of the partners. If it is not so, the rule that sets apart the property of a partnership exclusively, in the first instance, for the payment of its debts may be of little value. That rule presumes that a partnership debt was incurred for the benefit of the partnership, and that its property consists, in whole or in part of what has been obtained from its creditors. The reason of the rule fails when a debt or liability has not been incurred for the firm as such, even though all the persons who compose the firm may be parties to the contract."

To the same effect, by necessary implication, are the other Federal cases arising under the Bankruptcy Acts of 1867 and 1898, which hold that an obligation executed by the members of a firm, in their names, may share as a partnership debt in the administration of the partnership assets in bankruptcy proceedings, upon extrinsic evidence

showing that the obligation, although executed in the names of the partners individually, was in fact intended as a partnership obligation, incurred for its benefit in furtherance of the firm business and for a consideration received by it. Davis v. Turner (4th Circ.) 120 Fed. 605, 610, 56 C. C. A. 669; Mock v. Stoddard (9th Circ.) 177 Fed. 611, 614, 101 C. C. A. 237, affirming In re Stoddard Lumber Co. (D. C.) 169 Fed. 190; Frederick v. Citizens' Bank (3d Circ.) 231 Fed. 667, 671, 145 C. C. A. 553; and In re Thomas, 8 Biss. 139, 23 Fed. Cas. 923.[1] Each of these decisions is based upon an express finding that the obligations in question, though on their face merely the joint debts of the individual partners, were in fact shown by the proof to have been intended as obligations of the firm, incurred in its behalf by the partners in either individual names, and hence in fact obligations of the firm, and in each it is assumed, as the basis of the decision, that if they had not been shown by the proof to have been in fact firm obligations and had been the mere joint debts of the individual partners, they would not have been entitled to participate ratably in the partnership assets.

The established Federal rule is also directly supported by Harvey Weston, Appellant, 12 Metc. (Mass.) 1, 2, in which two partners, having signed their individual names as sureties to a note, and thereafter assigned their joint and separate estates for the benefit of creditors under the insolvency laws of the State, it was held that as the sureties had signed their individual names to the note, and there was no evidence that they meant to act in their partnership capacity, the legal result was that they bound themselves individually, and not as partners, and the note should hence be proven against their separate estates. So, too, in Brownlee v. Lobenstein (Tenn. Ch. App.) 42 S. W. 467, 470 (1897), it was held, in applying the established principle "that partnership assets are first liable to partnership debts," that an appeal bond executed by the two members of the firm, as principal and surety, respectively, to secure a decree rendered against one of them individually, was not a partnership debt. This opinion was affirmed orally by the Supreme Court of Tennessee, and is not, as I view it, necessarily in conflict with either the earlier or later cases of Anderson v. Norton, 15 Lea (Tenn.) 14, 54 Am. Rep. 400, Carver Gin Co. v. Bannon, 85 Tenn. 712, 4 S. W. 831, 4 Am. Rep. 803, and Bedford v. McDonald, 102 Tenn. 358, 364, 52 S. W. 157, holding that a mortgage executed by all the members of a firm conveying property of the firm to secure the debt of one or all the individual partners, creates a valid lien as against firm creditors.

The English case of Hoare v. Oriental Bank, 2 App. Cas. 589, holding that under the bankruptcy law of England, as it existed in

[1] In Re Webb, 2 N. B. R. 614, 29 Fed. Cas. 493, Re Holbrook, 2 Lowell, 159, 12 Fed. Cas. 317, 319, Strause v. Hooper (D. C.) 105 Fed. 590, Re Jones (D. C.) 116 Fed. 431, and perhaps other cases, the right of joint debts of the individual partners to share in the partnership assets was at first denied, even when shown by the proof to have been intended as firm obligations, executed in the partnership business for a consideration passing to the firm. This is not, however, the rule now established by the great weight of authority, as shown by the citations in the body of this opinion.

1841, a joint debt of the two members of a firm not connected with their partnership business, could be proven against the partnership estate pari passu with partnership creditors, on the suggested ground that before insolvency a judgment could have been recovered against the two partners jointly and execution taken out thereon against the partnership estate, is, in my opinion, clearly distinguishable, since, as pointed out by Judge Blatchford in Re Nims, 18 Fed. Cas. at page 258, the bankruptcy law of England then contained no controlling statutory rule of administration as in our Bankruptcy Act, giving preference to partnership debts in the administration of the partnership estate.

For similar reasons, Moore Furniture Co. v. Prussing, 71 Ill. App. 666, holding that joint debts of the individual partners are entitled to share with partnership debts in the equitable distribution of partnership assets, Saunders v. Reilly, 105 N. Y. 12, 12 N. E. 170, 59 Am. Rep. 472, Citizens' Bank v. Williams, 128 N. Y. 77, 28 N. E. 33, 26 Am. St. Rep. 454, and Laswell v. Bryan's Adm'r, 9 Ky. Law Rep. 149, holding that a judgment recovered against the individual members of the firm upon a joint obligation, not an indebtedness of the firm, under which execution has been levied upon the firm property, will prevail against general firm creditors not armed with process, and other cases upon which the petitioner relies, are likewise, in my opinion, not controlling. Without analyzing these cases in detail, it is sufficient to say that none of them involved a statutory rule of distribution requiring that partnership debts be given priority in the distribution of partnership assets; that in none of them were the joint debts of the individual partners held to be partnership debts, but the right of creditors of the individual partners to reach the firm assets in satisfaction of their debts were worked out, in the main, upon the theory of the waiver of the right of the individual partners to have the partnership property applied to the payment of partnership debts in preference to those of any individual partner. Clearly, however, these cases are not controlling as authority in a case such as the present, involving the application of a controlling statutory rule of distribution giving priority in the distribution of partnership assets to partnership debts alone.

I therefore conclude, that, both upon authority and principle, the notes in question are at most the joint debts of Wege and McPhail individually, and not in any sense "partnership debts," and that under the statutory rule of distribution prescribed by section 5 of the Bankruptcy Act, the petitioner is hence not entitled to share thereon with partnership creditors in the ratable distribution of partnership assets; which, under the terms of the Act, are to be first applied in satisfaction of the partnership debts.

I accordingly find no error in the order of the referee, and a decree will be entered confirming the same, but without prejudice to such right, if any, as the petitioner may have, through appropriate proceedings, to share, as a creditor of the individual partners, in the surplus, if any, of partnership assets which may remain after the payment of the partnership debts.